IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BILLIE YATES, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | C.A. NO. 6:21-cv-00094 |
| | § | |
| | § | JURY TRIAL REQUESTED |
| ALLYSON MITCHELL | § | |
| DISTRICT ATTORNEY | § | |
| ANDERSON COUNTY, TEXAS, | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW Plaintiff, Billie Yates, who files this Original Complaint complaining of Allyson Mitchell, District Attorney of Anderson County, Texas (hereinafter "Mitchell") as follows:

### I. PRELIMINARY STATEMENT

1. This lawsuit arises from the sexual harassment by one of Plaintiff's direct supervisors, Scott Holden, at the Anderson County District Attorney's Office and the subsequent retaliation by the district attorney for Plaintiff's complaints of sexual harassment. Equal to the clear, persistent, and outrageous behavior of Plaintiff's supervisor was the willful, inexcusable neglect and deliberate indifference of the plaintiff's employer, Mitchell, to the unwanted sexual harassment endured by Plaintiff. Upon information and belief, Plaintiff's supervisor's activities victimized other female employees of the Anderson County District Attorney's Office.

2. It is the legal responsibility of Mitchell to promulgate and implement policies and procedures providing, in part, that her employees are not subjected to sexual harassment. Further,

it is Defendant Mitchell's duty to promulgate and implement policies and procedures that do not promote known acts of sexual harassment and retaliation for opposition to that conduct by her employees. It is also Defendant Mitchell's legal obligation to take whatever action is necessary to investigate reports of sexual harassment by employees; to stop that sexual harassment once known, and to ensure that once sexual harassment is reported no retaliation or reprisal is permitted against the employee who reports or otherwise opposes such protected conduct. Finally, it is Mitchell's responsibility to ensure that employees who have been the subject of sexual harassment are not retaliated against.

3. Plaintiff has been compelled to bring this action against Mitchell because Mitchell failed to ensure that the sexual harassment of her employees was prevented once any reasonable doubt of the extent of Holden's conduct was removed. Plaintiff also sues for the sexual harassment she endured and Mitchell's continued failure to prevent the harassment once it had been revealed. Mitchell is legally responsible for the actions of Holden because he was acting as Plaintiff's direct supervisor at all times. Mitchell is also responsible for the direct retaliation against Plaintiff which resulted in her termination of employment with the Anderson County District Attorney's Office.

4. Mitchell is also liable for its negligence which lead to Plaintiff's sexual harassment at the hands of Holden because she was on notice of his prior history of sexually harassing other female employees of Mitchell. Mitchell did not take reasonable care to protect Plaintiff and other female employees from the actions of Holden.

5. Plaintiff seeks back-pay, compensatory damages, punitive damages against Mitchell plus court costs, and attorney's fees.

## II. JURISDICTION AND VENUE

6. Jurisdiction over plaintiffs' sexual harassment/sex discrimination and retaliation claims against Mitchell is conferred on this Court by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq*.)

7. Federal question jurisdiction is conferred on this Court by 28 U.S.C. §1331 as this action arises under the Constitution and laws of the United States.

8. Venue is appropriate in this Court as all facts giving rise to Plaintiff's claims occurred within the Eastern District of Texas, Tyler Division.

## III. ADMINISTRATIVE PREREQUISITES MET

9. Plaintiff filed Charge # 450-2020-03355 with the EEOC alleging a continuing action of sexual harassment with the EEOC. Upon request of Plaintiff, her notice of "Right-to Sue" was issued for Plaintiff (attached as Exhibit "A") and Plaintiff, thereafter, was able to file a lawsuit on her Title VII claims. This case is filed within 90 days of Plaintiff's receipt of her notice of right to sue from the EEOC.

10. All potential administrative remedies have been exhausted and prerequisites to litigation have been met.

## IV. PARTIES

11. Plaintiff Yates is an adult female individual and a citizen of Texas and the United States who currently resides in Palestine, Texas. At all times relevant to this action, she was an employee of Mitchell.

12. Defendant Mitchell is the duly elected district attorney of Anderson County, Texas. Plaintiff alleges that each entity is a joint employer of Plaintiff.

13. Mitchell may be served with the Complaint and Summons by serving her at 500

N. Church Street, Palestine, Texas 75801.

## V. STATEMENT OF FACTS

14. Plaintiff began her career with the Anderson County District Attorney's Office in January 2015 working as a legal assistant. One of her supervisors was Scott Holden. Holden was an assistant district attorney in the Anderson County District Attorney's Office.

15. In May 2019, Plaintiff was in Mitchell's office visiting with her co-workers. The group was talking about kids and how smart they are and how they know more than we think, and Plaintiff mentioned something about her son and in the conversation something about her being pregnant before marriage. Holden was standing behind Plaintiff and he said, "you are a whore!" Plaintiff asked him what he said, and he again said, "you got pregnant before you got married, you are a whore." This statement was made in the presence and/or earshot of Mitchell and other employees of the Anderson County District Attorney's Office.

The next morning, Plaintiff went to Mitchell and complained about Holden calling her "a whore" and Mitchell said "I know, I can't believe you let that happen." Prior to this time, in May 2019, Plaintiff had not had any issues with her job performance.

Plaintiff was then called into Mitchell's office with Holden and they wanted to know what was wrong with her. They both said they were not happy with Plaintiff's job performance. Mitchell went over the written work performance dated March 10, 2020. In the write up Mitchell mentioned several attorneys had complained about Plaintiff. Plaintiff independently confirmed that the allegation regarding attorneys was untrue. Thereafter, Holden continued to use the word "Whore" intentionally in Plaintiff's presence.

On March 10, 2020, Plaintiff went to HR to talk about the write up and complain about the sexual harassment and retaliation from Holden and Mitchell. Plaintiff talked with Maria

who is in HR, and Tara Holiday, County Auditor. Plaintiff reported what had happened with Holden's actions and Mitchell's inaction regarding Holden's harassing behavior.

On May 26, 2020, when Mitchell came into the office, Plaintiff sent an email to Mitchell regarding computer problems and not having access to some things needed for Plaintiff to perform her regular duties. Mitchell said if Plaintiff needed anything from the law enforcement program, that she needed to get that information from an investigator or one of the attorneys because she no longer needed access. Plaintiff alleges that she was denied access to the computer programs in retaliation for making the harassment complaint to HR.

On May 28, 2020 Mitchell accused Plaintiff of giving a co-worker her login information to the DPS database. Plaintiff denied the accusation. Mitchell also accused Plaintiff of looking up information for a friend and falsifying documents. Mitchell terminated Plaintiff and threatened to file charges against Plaintiff. The allegation that Plaintiff falsified a document is completely false and was a pretext to justify Plaintiff's termination.

Plaintiff believes that she was discriminated against and retaliated against in violation of Title VII of the Civil Rights Act of 1964 because she was subjected to sexual harassment and was retaliated against for complaining of sexual harassment.

16. Defendant, Mitchell, through its agents, with remedial authority knew of the harassment, yet failed to take prompt, appropriate, remedial action.

17. Acquiescence by the management of Mitchell, as well as other officials of Mitchell, to this clear and persistent pattern of sexual harassment established a custom and practice of Mitchell to allow sexual harassment of its employees by Holden.

**COUNT II:** **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.§2000E *ET SEQ.*, PROTECTING EMPLOYEES FROM SEXUAL HARASSMENT.**

18. Plaintiff realleges and incorporate by reference all allegations set forth in

paragraphs 1 through 17.

19. Plaintiff was subject to unwelcome sexual harassment in the workplace from Holden, unreasonably interfering with Plaintiff's work performance.

20. Mitchell had the authority to correct the conduct and had actual knowledge and/or should have known of Holden's sexually harassing behavior prior to the report of Plaintiff, and then failed to take immediate and appropriate corrective action as required by law.

21. The harassment to which Plaintiff was subjected after she reported the harassment from Holden to the District Attorney was unwelcome, abusive, and humiliating.

22. Plaintiff would also show that Mitchell was negligent in the creation of and/or continuation of a hostile work environment.

23. Defendant, Mitchell, by allowing Holden to sexually harass Plaintiff intentionally engaged in unlawful employment practices involving Plaintiff.

24. The harassment of which Plaintiff complains was severe and pervasive and thereby affected a term, condition or privilege of her employment and created an abusive work environment.

25. Defendant, Mitchell, by failing to exercise reasonable care to prevent and cure allegations of sexual harassment, allowed Holden to sexually harass Plaintiffs, as described above, in violation of 42 U.S.C. 2000e, *et seq*.

26. The sexual harassment began in 2019 for Plaintiff and was ongoing, persistent, and continuous, constituting continuing violations of her rights under law.

27. As a direct and proximate result of Mitchell's conduct in violation of 42 U.S.C. §2000e, *et seq*., Plaintiff suffered substantial emotional and financial damages, past and future, for which she pleads to be compensated.

## *RETALIATION CLAIMS*

28. Plaintiff was retaliated against by her employer, Mitchell, for reporting and opposing the sexual harassment by reporting the harassment and retaliation issues to HR.

**COUNT III:   RETALIATION FOR ENGAGING IN PROTECTED CONDUCT UNDER TITLE VII.**

29. Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 1 through 28.

30. Plaintiff reported to Mitchell the facts and circumstances surrounding the harassment of Plaintiff by Holden.

31. Plaintiff's complaints of sexual harassment, as described above, motivated her termination from employment by Mitchell.

32. Defendant, Mitchell, intentionally engaged in unlawful employment practices involving Plaintiff because Plaintiff engaged in a federally protected activity in violation of their rights under 42 U.S.C. Section 2000e -3(a) *et. seq.* Title VII.

33. Plaintiff suffered substantial emotional and financial damages, past and future, proximately caused by Mitchell's retaliation for which Plaintiff now seeks compensation.

## VIII.  ACTUAL DAMAGES

34. As a direct and proximate result of the conduct of Defendant, the Plaintiff has suffered damages.

35. Plaintiff has suffered disgrace, shame, embarrassment, and humiliation as well as extreme emotional and mental anguish in the past and in all probability, Plaintiff will continue to suffer such disgrace, shame, embarrassment, humiliation, personal indignity, and extreme emotional and mental anguish in the future.

36. In addition, Plaintiff has suffered damage to her reputation both in the past and in the future. Injury to the reputation of the Plaintiff has been substantial and, in all probability, her reputation has been permanently impaired and damaged.

37. Additionally, Plaintiff has suffered loss of earnings capacity in the past and in reasonable probability, her capacity to work and earn money in the future beyond this date have been seriously impaired. Her ability to obtain and retain employment in the past and future have been impaired. Plaintiff is entitled to back pay and front pay. Reinstatement is not feasible.

38. Plaintiff has been deprived of employment benefits. Employment benefits include all employment benefits which they had or would have had at Defendant Mitchell's employ, including but not limited to past and future wages, retirement benefits, health care benefits, social security benefits, and unemployment benefits.

39. Plaintiff has suffered additional consequential damages.

40. The precise amount of damages suffered by the Plaintiff cannot be measured with mathematical accuracy at this time nor can the Plaintiff state with any degree of certainty at this time the full extent and impact of future losses. Damages can be more accurately determined after completion of discovery in this case and Plaintiff specifically reserves the right to plead further with respect to such damages.

## IX. **PUNITIVE DAMAGES**

41. Mitchell is liable for punitive damages on account of her completely willful and reckless disregard of Plaintiff's rights under Title VII. Defendant's conduct was wanton, willful, reckless, and/or intentional, to cause substantial harm or injury, rendering the award of punitive damages appropriate.

## X. JURY TRIAL

42. In the Exercise of rights under the Seventh Amendment to the United States Constitution and applicable statutes and procedural rules, Plaintiff respectfully requests that all issues of fact in her claims for relief be decided by a jury.

## XI. PRE-TRIAL INTEREST

43. Plaintiffs also seeks pre-judgment interest at the maximum legal rate.

## XII. ATTORNEYS' FEES

44. Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to 42 U.S.C. §2000e and 42 U.S.C. §1988 for the preparation and trial in this case and various stages of appeal, if any, including additional attorneys' fees in the event it is necessary to collect this amount of money once a judgment becomes final.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant Mitchell be cited to appear and answer herein, and that upon a final trial by jury, judgment be entered for the Plaintiff against the Defendant for damages and such other and further relief to which the Plaintiffs may be entitled at law or in equity, including:

1. actual damages;
2. punitive damages;
3. pre-judgment interest;
4. post-judgment interest;
5. attorneys' fees; and
6. court costs.

Respectfully submitted,

<u>/s/ *William S. Hommel, Jr.*</u>
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

**ATTORNEY FOR PLAINTIFF**