IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BILLIE YATES,** | § § § | |
| **Plaintiff,** | § § | CIVIL ACTION NO. 6:21-CV-94-JCB |
| v. | § § | |
| **ALLYSON MITCHELL** | § § | |
| **Defendant.** | § § § | |

**ORDER OF ADMINISTRATIVE CLOSURE**

On March 5, 2021, Plaintiff filed this civil rights lawsuit pursuant to Title VII of the Civil Rights Act of 1964. Doc. No. 1. Plaintiff alleges that she was terminated from her position at the Anderson County District Attorney's Office due to gender discrimination and retaliation for reporting sexual harassment. *Id*. at 4–5. However, Defendant argues that Plaintiff was terminated for violating various criminal laws. Doc. No. 25 at 1.

Before the court is Defendant's unopposed motion to stay proceedings pending state criminal prosecution. *Id*. Defendant states that on June 22, 2021, two criminal complaints were filed in Smith County against Plaintiff for actions which Defendant contends were the same reasons for which Plaintiff was terminated. *Id*. at 2. Defendant argues that if Plaintiff is convicted of these offenses, then her recovery in this litigation would imply the invalidity of her conviction or sentence in violation of doctrine enumerated in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Id*. at 2–4. Therefore, Defendant requests that the court stay these proceedings until the prosecution of Plaintiff has finished. *Id*. Plaintiff does not oppose the stay in light of the criminal complaint. *Id*. at 4.

1

In *Heck*, the Supreme Court held that when a plaintiff seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid, he must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck*, 512 U.S. at 486.

Conversely, when criminal charges are pending, then a civil rights lawsuit should be stayed until the criminal charges pending against a plaintiff have run their course. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007); *U.S. v. $2,067,437.08 in U.S. Currency*, No. 6:07cv319, 2008 WL 238514 (E.D. Tex. Jan. 28, 2008). It is not the role of federal courts to intervene in state court criminal proceedings. Moreover, if a plaintiff is eventually convicted on the criminal charges, then he may not proceed with his claims until *Heck* is satisfied.

Here Smith County criminal charges are pending against Plaintiff. Her complaints about her termination are interrelated to the pending criminal charges, and the outcome of the prosecution will necessarily implicate the validity of Plaintiff's claims against Defendant. Consequently, this current civil rights lawsuit should be administratively closed during the pendency of such criminal charges.

Therefore, it is **ORDERED** that this cause of action is **ADMINISTRATIVELY CLOSED**. Plaintiff is permitted to ask the court to place the case back on the active docket when the criminal charges are dismissed or resolved in her favor. If Plaintiff is convicted or the criminal charges are resolved against her, then the case should be dismissed pursuant to *Heck*. Further, the case will be dismissed if the court has not heard from Plaintiff within two years from the entry of the order administratively closing the case.

**So ORDERED and SIGNED this 26th day of August, 2021.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE